JANET HEROLD
Regional Solicitor
ANDREW J. SCHULTZ
Wage and Hour Counsel
NATASHA A. MAGNESS (Wash. # 55920)
Trial Attorney
Office of the Solicitor
United States Department of Labor
300 Fifth Ave., Suite 1120
Seattle, Washington 98104
Telephone: (425) 388-3449
Facsimile:  (206) 757-6761
Email: magness.natasha.a@dol.gov

Attorneys for the Petitioner
United States Department of Labor

UNITED STATES DISTRICT COURT

DISTRICT OF IDAHO

| | |
|---|---|
| EUGENE SCALIA, SECRETARY OF LABOR, UNITED STATES DEPARTMENT OF LABOR,<br><br>　　　　Petitioner,<br>　　v.<br><br>GEORGE KATSILOMETES,<br><br>　　　　Respondent. | Case No.: 4:20-cv-371<br><br>**SECRETARY'S PETITION TO ENFORCE ADMINISTRATIVE SUBPOENA *DUCES TECUM* ISSUED BY THE WAGE AND HOUR DIVISION OF THE UNITED STATES DEPARTMENT OF LABOR** |

　　　　Eugene Scalia, Secretary of Labor, United States Department of Labor (the "Secretary"), brings this Petition against George Katsilometes, Respondent.

　　　　In support of the Petition, the Secretary attaches the following supporting documents: (1) Memorandum of Points and Authorities in Support of Secretary's Petition to Enforce

Administrative Subpoena *Duces Tecum*; (2) Declaration of Michelle Phillips, Assistant District Director of the Boise Field Office, Wage and Hour Division, United States Department of Labor ("Phillips Decl."); (3) Declaration of Ruben Rosalez, Western Regional Administrator, Wage and Hour Division, United States Department of Labor ("Rosalez Decl."), and (4) Declaration of Natasha Magness, Trial Attorney, Office of the Solicitor of Labor, United States Department of Labor ("Magness Decl.") (and all exhibits attached thereto).

The Secretary concurrently lodges with the Court a Proposed Order to Show Cause. In support of his Petition, the Secretary alleges as follows:

## JURISDICTION AND VENUE

1. This Petition is brought to compel Respondent to comply with the administrative Subpoena *Duces Tecum* (the "Subpoena") served on him on April 28, 2020 by the United States Department of Labor, Wage and Hour Division ("Wage and Hour"). The Subpoena was issued in the course of a Department of Labor investigation of the Lava Hot Springs Inn LLC dba Lava Hot Springs Inn conducted pursuant to the Fair Labor Standards Act of 1938, as amended ("FLSA"), 29 U.S.C. § 201 *et seq*. Representatives for the Secretary attempted to obtain the documents requested by the Subpoena without resort to judicial enforcement. Respondent, however, failed to produce any of the documents requested by the Subpoena, resulting in the need for this Petition.

2. This Court has subject matter jurisdiction over this Petition pursuant to section 9 of the Federal Trade Commission Act, 15 U.S.C. § 49, as made applicable by section 9 of the FLSA, 29 U.S.C. § 209.

3.     Upon information and belief, at all times relevant to this Petition, Respondent George Katsilometes, has owned and operated Lava Hot Springs Inn, LLC dba Lava Hot Springs Inn, 1 Center Street, Lava Hot Springs, Idaho, 83246.

(a)     Respondent George William Katsilometes is the registered agent for service of process for Lava Hot Springs Inn, LLC, with a principal and mailing address of 1424 E Maple St., Pocatello, Id 83201-3262.

## INTRADISTRICT ASSIGNMENT

4.     A substantial part of the events or omissions which give rise to this Petition occurred in Bannock County.

## INVESTIGATION AND SUBPOENA

5.     On or about April 23, 2020, Wage and Hour opened an investigation of Lava Hot Springs Inn, LLC to determine whether any person had violated or was violating any provision of the FLSA or any regulations promulgated thereunder during the period beginning April 23, 2017.  *See* Declaration of Michelle Phillips, ("Phillips Decl.") ¶ 1.

6.     On or about April 28, 2020, Ruben Rosalez, the Wage and Hour Regional Administrator, issued an administrative Subpoena *Duces Tecum* to Respondent.  *See* Declaration of Ruben Rosalez ("Rosalez Decl.") ¶ 2; Phillips Decl. ¶ 5.  A true and correct copy of the Subpoena Duces Tecum and the Proof of Service are attached as Exhibit 1 and Exhibit 2. The Subpoena was issued in the course of Wage and Hour's investigation into Respondent pursuant to Section 11(a) of the FLSA and sought documents that are relevant and material to Wage and Hour's investigation.  Rosalez Decl. ¶ 2.

7.     The records, papers, and documents required to be produced as set forth in the Subpoena are relevant and material to Wage and Hour's investigation of whether any person has

violated or is about to violate any provision of the FLSA.  Phillips Decl. ¶ 8; Rosalez Decl. ¶ 3. The Subpoena, and Respondent's failure to comply with it, forms the basis for this Petition.

### RESPONDENT'S FAILURE TO COMPLY WITH THE SUBPOENA

9. The Subpoena required Respondent to produce responsive documents by May 5, 2020. Rosalez Decl. at ¶ 2.

10. To date, Respondent has failed to provide any documents in response to the Subpoena.   Phillips Decl. ¶ 7; Magness Decl. ¶ 3.

11. The records, papers, and documents required to be produced as set forth in the Subpoena, which concern the wages, hours and other conditions and practices of employment maintained by Respondent and other records regarding the Lava Hot Springs Inn, LLC, are relevant and material to the Secretary's investigation of whether the FLSA has been violated. Phillips Decl. at ¶9; Rosalez Decl. at ¶ 3.

12. Respondent's failure to provide the subpoenaed documents is impeding Wage and Hour's ability to conduct a proper and timely investigation into possible wage, recordkeeping and child labor violations of the FLSA.  Phillips Decl. at ¶ 9; Rosalez Decl. ¶ 3.

### PRAYER FOR RELIEF

WHEREFORE, the Secretary prays:

a. that this Court enter an order requiring Respondent to appear on a date certain to show cause, if any there be, why he should not appear before the designated representatives of the Wage and Hour Division, at such reasonable time and place as the Petitioner or the Court may set, then and there to produce the records requested by the Subpoena;

    b.    that this Court enter an order tolling the running of the applicable statute of limitations from May 5, 2020, the date the documents were due, until such time as the Petitioner notifies this Court that Respondent has complied with the Subpoena; and

    c.    for such other and further relief as may be necessary and appropriate.

A proposed Order to Show Cause is filed concurrently herewith.

Dated:  July 24, 2020

KATE S. O'SCANNLAIN
Solicitor of Labor

JANET M. HEROLD
Regional Solicitor

SUSAN SELETSKY
Wage and Hour Counsel

ANDREW SCHULTZ
Wage and Hour Counsel

NATASHA A. MAGNESS
Trial Attorney
U.S. Department of Labor

By: /s/ Natasha A. Magness
    NATASHA A. MAGNESS
    Trial Attorney

# DECLARATION OF SERVICE

I, the undersigned declarant, hereby say:

1. I am over the age of 18 years and am not a party to this litigation.
2. I am employed in the Office of the Solicitor, U.S. Department of Labor.
3. On the date indicated below, I caused to be served a true and correct copy of the attached: **Petition to Enforce Subpoena and exhibits, Memorandum of Points and Authorities, Declaration of Ruben Rosalez, Declaration of Michelle Phillips, Declaration of Natasha Magness, and Proposed Order,** by sending a copy addressed to:

   1. By overnight UPS mail:
      George Katsilometes
      1424 E Maple St.,
      Pocatello, Id 83201-3262

   2. By overnight UPS mail:
      Lance Schuster
      2105 Coronado St
      Idaho Falls, ID 83404

   3. By email:
      Lance Schuster
      lance@beardstclair.com

4. This Declaration was duly executed in Seattle Washington, on the date indicated below.

I have read this Declaration and I hereby say, under penalty of perjury, that this Declaration is true and correct.

Dated: July 24, 2020

/s/
Kim Machuca

PETITION TO ENFORCE SUBPOENA         6

EXHIBIT 1

# UNITED STATES OF AMERICA

## DEPARTMENT OF LABOR
## WAGE AND HOUR DIVISION
## SUBPOENA DUCES TECUM

TO: Lava Hot Springs Inn
1 Center Street
Lava Hot Springs, ID 83246

Attn: George Katsilometes and/or The Custodian of Record or Any Other Person Duly Authorized to Provide Documents And Information Concerning:

Lava Hot Springs Inn
Lava Hot Springs Inn, LLC

You are hereby required to appear before Assistant District Director **Michelle Phillips** of the WAGE AND HOUR DIVISION, UNITED STATES DEPARTMENT OF LABOR, at **1387 S. Vinnell Way, Suite 110** in Boise, Idaho on the **5th of May 2020**, at **10 o'clock a.m.** of that day, to testify and to bring with you and produce at that time and place, books, documents, and other tangible items, regarding the wages, hours, and other conditions and practices of employment maintained by any of the following: **Lava Hot Springs Inn, Lava Hot Springs Inn, LLC, and any and all related enterprises** (herein called "the Company") during the period from April 23, 2017 to date of production (herein called "the Subject Period"), and all other matters described in Attachment #1, which is made a part of this subpoena. *In lieu of a personal appearance, records may be emailed to Phillips.Michelle@dol.gov; or mailed to 1387 S. Vinnell Way, Suite 110, Boise, ID 83709.*

## FAIL NOT AT YOUR PERIL

IN TESTIMONY WHEREOF I have hereunto affixed my signature and the seal of the UNITED STATES DEPARTMENT OF LABOR at San Francisco, California, on this 28th day of April.

RUBEN ROSALEZ REGIONAL ADMINISTRATOR,
WAGE AND HOUR DIVISION, UNITED STATES DEPARTMENT OF LABOR

NOTICE TO WITNESS: If a claim is made for witness fees or mileage, this subpoena should accompany voucher.

## ATTACHMENT #1
## To subpoena issued to:

**Lava Hot Springs Inn**
**Lava Hot Springs Inn, LLC**
**1 Center Street**
**Lava Hot Springs, ID 83246**

## DEFINITIONS

A. "Employer" shall mean 'Lava Hot Springs Inn' and each of their affiliates, predecessors, successors, officers, directors, agents, representatives, attorneys, accountants, and consultants.

B. "Worker" shall mean current and former employees, managers, members, partners, or independent contractors of the Employer, as well as persons who performed work or were paid by the Employer as an independent contractor.

C. "Document" shall mean writings and recordings pursuant to Fed. R. Evid. 1001, including any written, printed, typed, or other graphic matter of any kind, and all mechanical or electronic sound recordings or transcripts thereof, computer programs or data, e-mail, text messages, audio or video recordings, correspondence, facsimiles, notes, or phone logs, and shall include the original and all non-identical copies, all drafts even if not published, disseminated, or used for any purpose, and all notes, schedules, footnotes, attachments, enclosures, and documents attached or referred to in any documents to be produced pursuant to this subpoena.

D. "Relating to" means constituting, referring to, pertaining to, responding to, regarding, evidencing, explaining, discussing, depicting, analyzing, or containing any information which in any way concerns, affects, or describes the terms or conditions, or identifies facts, with respect to the subject of the inquiry.

E. "Communication" means any oral, written, electronic or other exchange or transmission of information (in the form of facts, ideas, inquiries, opinions, analysis or otherwise), including correspondence, memos, reports, emails, electronic mail, electronic documents, telephone conversations, telephone or voicemail messages, text messages, face-to-face meetings or conversations, and Internet postings and discussions.

## INSTRUCTIONS

F. <u>Scope of search</u>. You are required to search for, obtain and produce all responsive documents, including without limitation documents that are in your custody or control, but not in your immediate possession. This includes any responsive documents in the possession, custody or control of any person acting on your behalf or under your direction or control, such as your employees, accountants, agents, representatives, attorneys or advisors.

G. <u>Subject Period</u>. Unless otherwise specified, the time period covered by this Subpoena is from **April 23, 2017** to the **date of production.** Documents created prior to April 23, 2017 which have been used or relied on since April 23, 2017 or which describe legal duties which remain in effect after April 23, 2017 (such as policies and contracts), shall be considered as included within the time period covered by this Subpoena.

H. <u>Privileges and Protections</u>. If you do not produce documents because you object to part of or an aspect of a request, please provide a written response stating the precise basis for the objection and produce all documents responsive to the remaining part or aspect of the requests.

If any documents responsive to this Subpoena are withheld because of a claim of privilege, please identify the documents you claim are privileged in a written response, and please indicate for each such document: 1) the nature of the privilege or protection claimed; 2) the factual basis for claiming the privilege or protection asserted; 3) the subject matter of the document; 4) the type, length and date of the document; 5) the author of and/or signatory on the document; and 6) the identity of each person to whom the document was directed or distributed.

I. <u>Electronically stored information</u>. If any document called for by this Subpoena exists as, or can be retrieved from, information stored in electronic or computerized form, then you are directed to produce the document in the format in which the document was created and maintained, provided it is one of the following formats: Microsoft Word (doc), WordPerfect (wpd), Rich Text (rtf), Microsoft Outlook (pst), Microsoft Outlook Express (msg), Microsoft Excel (xls), Microsoft Access (mdb), PDF, TIFF, CSV, ASCII, TXT, Concordance, or Quickbooks. Files of the preceding types can be submitted in a ZIP compressed format. Sufficient information including sufficient identification of the applicable software program and passwords, if any, should be provided to permit access to and use of the documents. Images created through a scanning process should have a minimum resolution of 300 dots per inch (dpi). Regardless of the format selected for producing a document, you are requested to preserve the integrity of the original electronic document and its contents, including the original formatting of the document, its metadata and, where applicable, its revision history.

I. <u>Manner of production</u>. All documents produced in response to this Subpoena shall comply with the following instructions:

a. You should conduct your searches for responsive documents in a manner sufficient to identify the source and location where each responsive document is found.

b. All documents produced in response to this Subpoena shall be segregated and labeled to show the document request to which the documents are responsive and the source and location where the documents were found.

c. To the extent that documents are found in file folders and other similar containers that have labels or other identifying information, the documents shall be produced with such file folder and label information intact.

d. To the extent that documents are found attached to other documents, by means of paper clips, staples, or other means of attachment, such documents shall be produced together in their condition when found.

e. All documents provided in response to this Subpoena are to include the marginalia and post-its, as well as any attachment referred to or incorporated by the documents.

f. In the event that there are no documents responsive to a particular request, please specify that you have no responsive documents.

g. If documents relied upon or required to respond to any of this Subpoena, or requested documents, are no longer in your possession, custody, or control, you are required to state what disposition was made of such documents, including identification of the person(s) who are believed to be in possession or control of such documents; the date or dates on which such disposition was made, and the reason for such disposition.

h. <u>Electronic media</u>: To the extent that the documents that are responsive to this Subpoena may exist on electronic media, those documents should be provided on one of the following media: Compact Disk – Read Only Memory (CD-ROM), Digital Versatile Disc – Read Only Memory (DVD) or USB hard drive.

**DOCUMENTS TO BE PRODUCED FOR THE SUBJECT PERIOD:**

**April 23, 2017– Date of Production**

1. All income tax returns and forms, including supporting work papers and schedules, for the Employer in tax years 2017, 2018, 2019 and year to date 2020.

2. Documents sufficient to identify all businesses (including parent companies, subsidiaries, and trade names) associated with the Company at any time during the Subject Period by name, legal address, and agent for service of process and Federal Tax ID number(s); including all Notices and any record of Change in Ownership during the subject period;

3. Company organizational chart for all locations owned and operated by the Company from inception to the date of production;

4. All tax returns and forms, including supporting work papers and schedules, including IRS forms 940, 941, W-2, W-4, and 1099 for each Worker during the Subject Period;

5. All Monthly financial statements for the Employer, including but not limited to, Profit and Loss Statement, Statement of Income and Changes in Retained Earnings, Statement of Cash

Flows and Balance Sheets to include all bank statements for accounts used by the Employer for any business purpose during the Subject Period;

6. Complete General Ledger and Chart of Accounts for Subject Period;

7. All time-records for all Workers for the Subject Period, including records showing the Date of work being performed, the Employee Name(s) and the Total hours; Including all Documents Relating to the record of hours worked for Workers who worked for or with the Employer during the Subject Period;

8. Documents sufficient to identify all employees under the age of 19 who worked for the company during the past 24 months. Include each employee's birthdate, the dates of employment, department, supervisor, the job classification(s)/job title(s), and the dates worked in the job classification(s)/job title(s);

9. Documents sufficient to identify the name and title of all Workers, Employees, and/or Contractors for the Employer during the Subject Period; Including all worker applications for and documents Relating To employment policies;

10. All Contracts, Agreements, or Memoranda of Understanding between the Employer and any Worker and/or during the Subject Period;

11. All Payroll records and Payroll Registers for the Subject Period to include all documents relating to the payment of wages or earnings for workers, employees and/or contractors who worked for or with the Employer during the Subject Period, including cancelled checks, direct deposit claims, cash payment records, and any other means of payment; including all deductions, advances, and loans given to and recovered from all workers for Subject Period;

12. All Documents Relating to deductions, advances, and loans given to and recovered from all workers during the Subject Period by the Employer.

**Any questions or concerns about this request shall be directed to Assistant District Director Michelle Phillips, phone:  208-813-7760, email:  Phillips.Michelle@dol.gov.**

# RETURN OF SERVICE

I hereby certify that a duplicate original of the attached subpoena was duly served on the person named herein as follows:

**Name of Person Making Service:** Michelle Phillips

MICHELLE PHILLIPS
Digitally signed by MICHELLE PHILLIPS
Date: 2020.07.22 14:31:18 -06'00'

Signature

**Date of Service:** April 28, 2020
Month, day, year

**In the following manner:** Mailed via UPS Next Day Air to:
Lava Hot Springs Inn
1 Center Street
Lava Hot Springs, ID 832461549

Emailed to:
Lance J. Schuster
lance@beardstclair.com

**From:** UPS Quantum View
**To:** Phillips, Michelle M - WHD
**Subject:** UPS Delivery Notification, Tracking Number 1ZW8Y8320198995931
**Date:** Thursday, April 30, 2020 11:43:05 AM



## Hello, your package has been delivered.

**Delivery Date:** Thursday, 04/30/2020
**Delivery Time:** 12:40 PM
**Left At:** SUBPOENA/COVER LETTER
**Signed by:** SIG ON FILE

## DOL-WHD-W-PORTLAND-DO

SUBPOENA/COVER LETTER

| | |
|---|---|
| **Tracking Number:** | 1ZW8Y8320198995931 |
| **Ship To:** | LAVA HOT SPRINGS INN<br>1 CENTER STREET<br>LAVA HOT SPRINGS, ID 832461549<br>US |
| **Number of Packages:** | 1 |
| **UPS Service:** | UPS Next Day Air® |
| **Package Weight:** | 1.0 LBS |



 Download the UPS mobile app

© 2020 United Parcel Service of America, Inc. UPS, the UPS brandmark, and the color brown are trademarks of United Parcel Service of America, Inc. All rights reserved.

All trademarks, trade names, or service marks that appear in connection with UPS's services are the property of their respective owners.

Please do not reply directly to this email. UPS will not receive any reply message.

**Review the UPS Privacy Notice**

**For Questions, Visit Our Help and Support Center**

