JANET HEROLD
Regional Solicitor
ANDREW J. SCHULTZ
Wage and Hour Counsel
NATASHA A. MAGNESS (Wash. # 55920)
Trial Attorney
Office of the Solicitor
United States Department of Labor
300 Fifth Ave., Suite 1120
Seattle, Washington 98104
Telephone: (206) 757-6757
Facsimile:  (206) 757-6761
Email: magness.natasha.a@dol.gov

Attorneys for the Petitioner
United States Department of Labor

UNITED STATES DISTRICT COURT

DISTRICT OF IDAHO

| | |
|---|---|
| EUGENE SCALIA , SECRETARY OF LABOR, UNITED STATES DEPARTMENT OF LABOR,<br><br>Petitioner,<br>v.<br><br>GEORGE KATSILOMETES,<br><br>Respondent. | Case No.: 4:20-cv-371<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF THE SECRETARY'S PETITION TO ENFORCE ADMINISTRATIVE SUBPOENA** *DUCES TECUM* |

**MEMORANDUM OF POINTS AND AUTHORITIES**

Petitioner, EUGENE SCALIA, Secretary of Labor, United States Department of Labor ("Secretary"), brings this Petition to compel Respondent GEORGE KATSILOMETES, ("Respondent") to comply with an administrative Subpoena *Duces Tecum* issued and directed to Respondent by the Regional Administrator of the Wage and Hour Division of the United States Department of Labor ("Wage and Hour") in an investigation conducted under the Fair Labor

Standards Act of 1938, as amended, 29 U.S.C. § 201-219 ("FLSA"). The Secretary submits this Memorandum in support of his Petition.

## I. FACTUAL BACKGROUND

Michelle Phillips, Assistant District Director of the Boise Field Office, Wage and Hour Division, United States Department of Labor opened an investigation of Lava Hot Springs Inn LLC dba Lava Hot Springs ("Lava Hot Springs Inn") on or around April 20, 2020 to determine whether Respondent or any person operating on Respondent's premises had violated the FLSA or any of its implementing regulations. *See* Phillips Decl. at ¶ 1.

On April 28, 2020, Ruben Rosalez, the Wage and Hour Regional Administrator, issued an administrative Subpoena Duces Tecum directed to Respondent. Rosalez Decl., ¶ 2. A true and correct copy of the Subpoena Duces Tecum and Proof of Service are attached to the Petition as Exhibits 1 and 2, respectively. Wage and Hour served the Subpoena on Respondent on April 28, 2020. Phillips Decl. at ¶ 5. The Subpoena required Respondent to appear at the Wage and Hour office in Boise, Idaho, on May 5, 2020, and to produce documents related to the workers, potential child labor practices, and pay practices at the Lava Hot Springs Inn. Rosalez Decl. at ¶ 2; Phillips Decl. at ¶ 5. The Subpoena permitted Respondent to produce the documents via email to Michelle Phillips in lieu of an appearance at the Wage and Hour office. Rosalez Decl. at ¶ 2; Phillips Decl. at ¶ 5. Respondent did not appear on the date set by the Subpoena, nor did he produce any documents, neither by email or any other means. Phillips Decl. at ¶¶ 6-7.

To date, Katsilometes has not provided any documents in response to the Subpoena and thus the Wage and Hour Division cannot complete its FLSA investigation. Rosalez Decl. at ¶¶ 3-4; Phillips Decl. at ¶ 9; Magness Decl. at ¶ 3.

## II. ARGUMENT

**A. The Secretary meets the requirements for enforcement of an administrative subpoena.**

As the Supreme Court held over 60 years ago, administrative subpoenas play a critical role in enabling the Secretary of Labor to carry out his congressionally mandated duty to conduct

investigations of possible FLSA violations. *Oklahoma Press Publishing Co. v. Walling*, 327 U.S. 186, 199-201 (1946). The Court emphasized that the purpose of such a subpoena is "to discover and procure evidence, not to prove a pending charge or complaint, but to make one, if, in [Wage and Hour]'s judgment, the facts thus discovered should justify doing so." *Id*. at 201. Following *Oklahoma Press Publishing*, federal courts have routinely enforced the Secretary's administrative subpoenas issued under the FLSA. *See, e.g., Detweiler Bros., Inc. v Walling*, 157 F.2d 841, 842-43 (9th Cir. 1946); *Tobin v. Banks & Rumbaugh*, 20 F.2d 223, 226 (5th Cir. 1953); *Durkin v. Fisher*, 204 F.2d 930, 933 (7th Cir. 1953); *Donovan v. Mehlenbacher*, 652 F.2d 228, 230 (2d Cir. 1981). Such enforcement is necessary because "[i]t is beyond cavil that the very backbone of an administrative agency's effectiveness in carrying out the congressionally mandated duties of industry regulation is the rapid exercise of the power to investigate the activities of the entities over which it has jurisdiction . . ." *Fed. Mar. Comm'n v. Port of Seattle,* 521 F.2d 431, 433 (9th Cir. 1975). For this reason, the scope of a judicial inquiry in an administrative subpoena enforcement proceeding is "quite narrow." *Reich v. Montana Sulphur & Chem. Co.*, 32 F.3d 440, 444 (9th Cir. 1994); *see also E.E.O.C. v. St. Regis Paper Co.*, 717 F.2d 1302, 1304 (9th Cir. 1983) (Subpoena enforcement action is a "summary procedure"). Under this narrow inquiry, courts must enforce administrative subpoenas unless "the evidence sought by the Subpoena [is] 'plainly incompetent or irrelevant' to 'any lawful purpose' of the agency." *Port of Seattle*, 521 F.2d at 433 (quoting *Endicott Johnson Corp. v. Perkins*, 317 U.S. 501, 509 (1943)).

In this Circuit, an agency establishes a *prima facie* case for enforcement of an administrative subpoena if it shows that: (1) Congress granted it the authority to investigate; (2) the agency followed the necessary procedural requirements for issuing the Subpoena; and (3) the evidence sought is relevant and material to the investigation. *EEOC v. Children's Hosp. Med. Ctr. of N. Cal.*, 719 F.2d 1426, 1428 (9th Cir.1983) (en banc), o*verruled on other grounds as recognized in Prudential Ins. Co. of Am. v. Lai*, 42 F.3d 1299 (9th Cir.1994). "An affidavit from a government official is sufficient to establish a prima facie showing that these requirements have been met." *F.D.I.C. v. Garner*, 126 F.3d 1138, 1143 (9th Cir. 1997) (citing *United States v.*

MEMORANDUM OF POINTS AND AUTHORITIES                                                           3

*Stuart,* 489 U.S. 353, 360 (1989)).

Once the federal agency makes this *prima facie* showing, the burden shifts to the respondent to provide compelling reasons why the Subpoena should not be enforced or should be enforced only in modified form. *See United States v. Powell*, 379 U.S. 48, 57-58 (1964). To meet this burden, the respondent must demonstrate that the agency's request is "unreasonable because it is overbroad or unduly burdensome." *Children's Hospital*, 719 F.2d at 1428.

### 1. Wage and Hour's investigation is within the agency's congressionally delegated authority.

The Secretary's authority to issue subpoenas to determine whether any person has committed a violation of the FLSA is well established. *Oklahoma Press Publishing*, 327 U.S. at 199-201; *Detweiler Bros.,* 157 F.2d at 842-43. Section 11(a) of the FLSA, 29 U.S.C. § 211(a), authorizes the Secretary to investigate and gather data regarding wages, hours, child labor practices, and other conditions and practices of employment in any industry covered by the FLSA. The Wage and Hour Administrator or his delegated representatives may:

> enter and inspect such places and such records (and make such transcriptions thereof), question such employees, and investigate such facts, conditions, practices, or matters as he may deem necessary or appropriate to determine whether any person has violated any provision of the [FLSA] or which may aid in the enforcement of provisions of [the FLSA].

29 U.S.C. § 211(a). Under Section 9 of the FLSA, 29 U.S.C. § 209, the Secretary may issue a subpoena to require the production of documentary evidence relating to any matter under investigation.[1]

This investigation plainly falls within the scope of Wage and Hour's authority to investigate FLSA violations. As set forth in the declarations of Wage and Hour's Regional Administrator Ruben Rosalez and Assistant District Director Michelle Phillips, the agency initiated this investigation to determine whether any person, including Katsilometes, had violated any provision of the FLSA or any of its implementing regulations at the Lava Hot Springs Inn during the period beginning April 23, 2017. Rosalez Decl. at ¶¶ 1-2; Phillips Decl. at ¶ 1. Wage and Hour issued the Subpoena in order to obtain documents necessary to its investigation,

including documents that an employer is required to maintain and make available for inspection by Wage and Hour under the FLSA.  Rosalez Decl. at ¶ 5; 29 C.F.R. Part 516.  Such an inquiry is for a purpose lawfully authorized by Congress, and is therefore legitimate and within the Secretary's authority.

### 2. Wage and Hour followed the necessary procedural requirements for issuing the Subpoena.

The administrative Subpoena was issued by Ruben Rosalez, Wage and Hour's Regional Administrator.  Regional Administrator Rosalez is, and at all relevant times has been, authorized to issue administrative subpoenas under the FLSA by delegation of authority from the Secretary of Labor.  Rosalez Decl. at ¶¶ 1-2; Secretary's Order 5-2010, 75 Fed. Reg. 55,352, 55,354 (Sept. 10, 2010).  The Subpoena was properly served upon Respondent.  Phillips Decl. at ¶5.  Thus, the agency followed the appropriate procedures in issuing the Subpoena.

### 3. The documents sought are relevant and material to Wage and Hour's investigation.

Section 11 of the FLSA specifically authorizes the Wage and Hour Administrator to conduct investigations "as he may deem necessary or appropriate to determine whether any person has violated any provision" of the FLSA.  29 U.S.C. § 211(a).  Thus, "the only limitation upon the scope of [Wage and Hour]'s inquiry is that the records demanded be reasonably relevant to . . . the inquiry of whether or not the Fair Labor Standards Act has been violated." *Detweiler Bros.*, 157 F.2d at 843; *see also Donovan v. Nat'l Bank of Alaska*, 696 F.2d 678, 684 (9th Cir. 1983) (applying the same standard of relevance to the "similar provisions" of the Employee Retirement Income Security Act).

The information Wage and Hour seeks through issuance of the Subpoena easily satisfies this relevancy standard.  The documents requested in the Subpoena are necessary for Wage and Hour to determine whether Lava Hot Springs Inn is operating in compliance with the FLSA's wage, recordkeeping and child labor provisions. Rosalez Decl. at ¶ 3; Phillips Decl. at ¶ 9.  The Subpoena seeks to determine the identity of all possible employees, employers, hours worked by those employees, and rates of pay.  Financial records enable Wage and Hour to confirm the

accuracy of other records maintained by the employer.  All of this information is critical to completing any investigation into possible FLSA violations.

Because the requested documents are not "'plainly incompetent or irrelevant to any lawful purpose'" of the agency, the Court should enforce the Subpoena.  *See Children's Hospital*, 719 F.2d at 1429 (quoting *Endicott Johnson Corp.*, 317 U.S. at 509).

**B.  Respondent cannot show that the Subpoena is overbroad or unduly burdensome.**

Respondent cannot sustain its heavy burden of demonstrating that Wage and Hour's request is overbroad or unduly burdensome.  *See Id.* at 1428.  The subpoenaed records are tailored to determine whether Respondent is in compliance with the FLSA.  Indeed, a substantial portion of the requested records must be maintained by an employer under the FLSA's implementing regulations.  For example, employers subject to the FLSA must maintain payroll records for three years.  29 C.F.R. § 516.5.  Further, as discussed above, all of the documents requested in the Subpoena will directly assist Wage and Hour in determining whether "any person" has violated the FLSA.  The requests are specifically limited in scope to the time period beginning April 23, 2017 and continuing through the date of production.

## CONCLUSION

For these reasons, the Secretary respectfully requests that, after affording Respondent George Katsilometes an opportunity to appear and show cause why an enforcement order should not issue, the Court enter an order enforcing the Subpoena.

Respectfully submitted,

Dated: July 24, 2020

KATE S. O'SCANNLAIN
Solicitor of Labor

JANET M. HEROLD
Regional Solicitor

SUSAN SELETSKY
Wage and Hour Counsel

ANDREW J. SCHULTZ
Wage and Hour Counsel

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

By:   /s/ *Natasha A. Magness*
      NATASHA A. MAGNESS
      Trial Attorney