UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| EUGENE SCALIA, SECRETARY OF LABOR, UNITED STATES DEPARTMENT OF LABOR,<br><br>Plaintiff,<br><br>v.<br><br>GEORGE KATSILOMETES;<br><br>Defendant. | Case No. 4:20-cv-00371-DCN<br><br>**MEMORANDUM DECISION AND ORDER** |

## I. INTRODUCTION

Pending before the Court is Plaintiff Eugene Scalia, Secretary of Labor, United States Department of Labor's ("Secretary") Petition to Enforce Administrative Subpoena. Dkt. 1. The Court held oral argument on October 13, 2020, and took the matter under advisement. Upon review, and for the reasons set forth below, the Court GRANTS the Secretary's Petition.

## II. BACKGROUND

On or about April 20, 2020, the Wage and Hour Division, United States Department of Labor ("Wage and Hour Division"), opened an investigation into Lava Hot Springs Inn, LLC to determine whether George Katsilometes—owner of Lava Hot Springs Inn—or any person operating on the premises, had violated the Fair Labor Standards Act ("FLSA") or any of its regulations. The Wage and Hour Division opened this investigation after receiving a complaint that Katsilometes was violating child labor laws under the FLSA.

On April 28, 2020, the Wage and Hour Division issued an administrative Subpoena Duces Tecum directed to George Katsilometes. The subpoena required Katsilometes to appear at its office in Boise, Idaho, on May 5, 2020, and to produce numerous documents related to the Lava Hot Springs Inn. The subpoena permitted Katsilometes to produce the documents via email in lieu of a physical appearance at the Wage and Hour Division office in Boise.

Katsilometes did not appear on the date set by the subpoena, nor did he produce any documents—by email or any other means.

On July 24, 2020, the Secretary initiated the instant suit by way of a Motion for Order to Show Cause. Dkt. 1. Upon consideration, the Court granted the Motion and ordered Katsilometes to appear at a hearing and show cause why the Secretary's Petition should not be enforced. Dkt. 2.

Thereafter, Katsilometes answered the Complaint asserting that the subpoena was nothing more than a fishing expedition, and that even were it proper, as written it is overbroad and unduly burdensome to a small business owner such as himself who is trying to stay afloat during the COVID-19 pandemic. Dkt. 5.

On October 13, 2020, the Court held oral argument by video conferencing on the matter. Katsilometes was in video attendance.

### III. LEGAL STANDARD

As the Supreme Court held over 60 years ago, administrative subpoenas play a critical role in enabling the Secretary of Labor to carry out his congressionally mandated duty to conduct investigations of possible FLSA violations. *See Oklahoma Press*

*Publishing Co. v. Walling*, 327 U.S. 186, 199–201 (1946). The Court emphasized the purpose of these types of subpoenas is "to discover and procure evidence, not to prove a pending charge or complaint, but . . . to make one if, in [Wage and Hour Division]'s judgment, the facts thus discovered should justify doing so." *Id*. at 201.

Enforcement of administrative subpoenas is necessary because "[i]t is beyond cavil that the very backbone of an administrative agency's effectiveness in carrying out the congressionally mandated duties of industry regulation is the rapid exercise of the power to investigate the activities of the entities over which it has jurisdiction . . . ." *Fed. Mar. Comm'n v. Port of Seattle,* 521 F.2d 431, 433 (9th Cir. 1975). For this reason, the scope of a judicial inquiry in an administrative subpoena enforcement proceeding is "quite narrow." *Reich v. Montana Sulphur & Chem. Co.*, 32 F.3d 440, 444 (9th Cir. 1994); *see also EEOC v. St. Regis Paper Co.*, 717 F.2d 1302, 1304 (9th Cir. 1983) (Subpoena enforcement action is a "summary procedure").

Under this narrow inquiry, courts must enforce administrative subpoenas unless "the evidence sought by the subpoena [is] 'plainly incompetent or irrelevant' to 'any lawful purpose' of the agency." *Port of Seattle*, 521 F.2d at 433 (quoting *Endicott Johnson Corp. v. Perkins*, 317 U.S. 501, 509 (1943)).

In the Ninth Circuit, an agency establishes a *prima facie* case for enforcement of an administrative subpoena if it shows that: (1) Congress granted it the authority to investigate; (2) the agency followed the necessary procedural requirements for issuing the subpoena; and (3) the evidence sought is relevant and material to the investigation. *EEOC v. Children's Hosp. Med. Ctr. of N. Cal.*, 719 F.2d 1426, 1428 (9th Cir.1983) (en banc),

o*verruled on other grounds as recognized in Prudential Ins. Co. of Am. v. Lai*, 42 F.3d 1299 (9th Cir.1994).

"An affidavit from a government official is sufficient to establish a prima facie showing that these requirements have been met." *F.D.I.C. v. Garner*, 126 F.3d 1138, 1143 (9th Cir. 1997) (citing *United States v. Stuart,* 489 U.S. 353, 360 (1989)).

Once the federal agency makes this *prima facie* showing, the burden shifts to the respondent to provide compelling reasons why the subpoena should not be enforced or should be enforced only in modified form. *See United States v. Powell*, 379 U.S. 48, 57–58 (1964). To meet this burden, the respondent must demonstrate that the agency's request is "unreasonable because it is overbroad or unduly burdensome." *Children's Hosp.*, 719 F.2d at 1428.

## IV. ANALYSIS

In the present case, the Secretary has met his initial burden. Filed concurrently with the Motion for Order to Show Cause were two affidavits (Dkts. 1-5, 1-5) from Wage and Hour Division administrators setting forth the requisite elements as outlined by *Children's Hospital* for a *prima facie* case for enforcement. The affidavits clearly explain that the Secretary has congressional authority to investigate labor violations, that the Secretary followed the legal requirements for the issuance of the subpoena in this case, and that the material sought is relevant to its investigation into Lava Hot Springs Inn.

The burden, therefore, shifts to Katsilometes. Importantly, Katsilometes does not argue that the Secretary lacks congressional authority or that the Secretary failed to follow correct procedures in issuing the subpoena. Instead, Katsilometes focuses solely on the

third prong asserting that the subpoena is both overbroad and unduly burdensome and should not be enforced.[1] The Court will briefly address both concerns.

### A. OVERBROAD

At the outset, Katsilometes takes issue with the Wage and Hour Division issuing the subpoena at all because there is no indication he has done anything wrong. The Court understands Katsilometes argument, but the argument does not find support in the law. The Wage and Hour Division need not disclose whether a complaint has been made—although as noted, it has actually received a complaint in this case—nor need it identify whether any law has been violated. The fact of the matter is, at this stage, the Secretary need not prove reasonable suspicion or probable cause on any heighted burden of proof; simple suspicion, or even just "official curiosity" is sufficient. *See United States v. Morton Salt Co.*, 338 U.S. 632, 652 (1950) (finding that federal agencies can request information from businesses, even if simply out of "official curiosity . . . to satisfy themselves that [] behavior is consistent with the law. . . .").

The Ninth Circuit has observed "that courts should not refuse to enforce an administrative subpoena when confronted by a fact-based claim regarding coverage or compliance with the law" and that the same has "been consistently reaffirmed by the Supreme Court." *EEOC v. Karuk Tribe Hous. Auth.*, 260 F.3d 1071, 1076 (9th Cir. 2001) (collecting cases); *see also Chao v. Potter*, No. 05–mc–61, 2005 WL 4839145, at *2 (W.D. Mich. Aug. 10, 2005) ("[T]he Secretary may investigate on mere suspicion that the law is

---

[1] Tactfully, Katsilometes modifies his position to a small degree in his conclusion articulating that the subpoena should not be enforced "as currently written." Dkt. 5-1, at 8.

being violated or even just because she wants assurance that it is not," and she has "no obligation to justify the merit of her investigation as a prerequisite to enforcement of administrative subpoenas."); *McLaughlin v. Serv. Emps. Union, AFL-CIO, Local 280*, 880 F.2d 170, 174 (9th Cir. 1989) ("The Secretary is not required to demonstrate that probable cause exists to launch a LMRDA investigation.").

Accordingly, the Court finds that the subpoena itself is proper and need not be supported at this stage by probable cause. The Secretary's suspicion or wrongdoing on the part of Lava Hot Springs Inn is sufficient.

Katsilometes next argues the subpoena is overbroad and nothing more than a fishing expedition because it seeks things that *are not* within the scope of an FLSA investigation. For example, Katsilometes claims that tax records, ownership documents, and general business ledgers—items requested in the subpoena—are not within the scope of records an employer is required to keep under the FLSA. *See* 29 C.F.R. § 516 *et seq.* Additionally, Katsilometes states there are certain records that he is only required to preserve for two years and yet the subpoena seeks these types of records for a three-year period. While it is true that some of the information might be superfluous, the Secretary has explained that these supporting documents are, in fact, necessary in order to determine the accuracy of the other records maintained by Katsilometes. In addition, the Secretary has explained that the statute of limitations period for FLSA claims is three years under 29 U.S.C. § 255(a) and, therefore, an appropriate timeframe.

Upon review, the Court finds the subpoena is not overbroad. While the Wage and Hour Division's subpoena is expansive, that does not make it unreasonable. Katsilometes'

general assertions of overbreadth or "fishing" are insufficient to meet his burden. *See F.D.I.C. v. Garner*, 126 F.3d 1138, 1146 (9th Cir. 1997) (finding a subpoena was appropriate because the party failed to provide specific support for its assertions that the requests were overbroad or a 'fishing expedition'). Finally, if Katsilometes does not have certain records, he can simply respond in kind.[2]

### B. BURDENSOME

Katsilometes next argues that the subpoena is burdensome because of his age, his lack of sophistication, and the COVID-19 pandemic. Specifically, Katsilometes argues that because he is older—78 years old—and because he runs a small business, trying to track down all of these records is burdensome. Making the task all the more burdensome is the global COVID-19 pandemic, which Katsilometes asserts has wreaked havoc on his business. Katsilometes argues that having to produce the documents within seven days of receiving the subpoena is unreasonable and burdensome. While these may have all been valid reasons in April and May of 2020, they do not hold up now five months later.

To be sure, the Court agrees that seven days was insufficient time to collect and produce the myriad of documents requested in the subpoena—especially in light of the COVID-19 pandemic. However, Katsilometes could have easily reached out to the Wage and Hour Division to request an extension or negotiate a phased production of documents. Katsilometes did neither; he simply ignored the subpoena. Such was inappropriate.

Ultimately, the Court finds that the Wage and Hour Division has met its burden in

---

[2] For example, if Katsilometes has been following the FLSA guidelines and only has two years' worth of certain records—as opposed to the requested three years—he should so indicate.

establishing that the subpoena seeks information relevant to its investigation. *Children's Hosp.*, 719 F.2d at 1428. Furthermore, Katsilometes' general concerns and allegations do not rise to a level warranting modification or dismissal of the subpoena. While compliance will take time and energy, the requests are appropriate under the circumstances. Katsilometes shall comply with the requests within 30 days.

## V. ORDER

1. The Secretary's Petition to Enforce Subpoena (Dkt. 1) is GRANTED. Katsilometes shall comply with the subpoena within 30 days of the date of this order.

2. This case shall remain open to ensure compliance. Once Katsilometes has complied with the Secretary's subpoena, the Secretary shall notify the Court that this case can be closed.

DATED: October 19, 2020

_____
David C. Nye
Chief U.S. District Court Judge